UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM PERUGINI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:08cv404 (MRK) |
| | : |
| STRYKER ORTHOPAEDICS, STRYKER SALES CORPORATION, and STRYKER CORPORATION, | : : : |
| | : |
| Defendants. | : |

## RULING AND ORDER

On February 22, 2007, this Court granted Defendants' (collectively referred to as "Stryker") Motion for Summary Judgment and entered judgment for Defendants on Plaintiff William Perugini's claim that Stryker had retaliated against him in violation of Title VII of the Civil Rights Act of 1964. *See Perugini v. Stryker Orthopaedics*, No. 3:05cv1289 (MRK), 2007 WL 601454 (D. Conn. Feb. 22, 2007) ("*Perugini* I"). The Court assumes familiarity with that decision. Having dismissed the only federal claim in the case, the Court then declined to exercise supplemental jurisdiction over Mr. Perugini's state-law claim for retaliation under the Connecticut Fair Employment Practices Act ("CFEPA"), as well as his claims for breach of contract and promissory estoppel. *See id.* at *15.

Following that decision, Mr. Perugini sued Stryker in state court and included in his complaint all of the state claims for which this Court had declined to exercise supplemental jurisdiction. Stryker then removed the state court action to federal court on the basis of diversity jurisdiction. *See Perugini v. Stryker Orthopaedics et al.*, No. 3:08cv404 (MRK) ("*Perugini* II"). On

June 13, 2008, Mr. Perugini filed an Amended Complaint [doc. # 23] in *Perugini* II.  Count One asserts a CFEPA retaliation claim that is identical to the Title VII retaliation claim that was the subject of this Court's summary judgment ruling in *Perugini* I.  Counts Two and Three allege claims for breach of contract and promissory estoppel; Counts Four and Five assert Title VII and CFEPA claims relating to Stryker's alleged refusal to hire Mr. Perugini in 2006.  Stryker now moves to dismiss Count One on the ground of collateral estoppel or *res judicata*.  *See* Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [doc. # 27].

There is no question that the retaliation claim asserted in Count One is identical to the Title VII retaliation claim that was the subject of the summary judgment ruling in *Perugini* I.  Connecticut construes the CFEPA to be identical to Title VII and the same legal principles that govern Title VII actions govern claims brought under the CFEPA. *See, e.g., Levy v. Comm'n on Human Rights & Opportunities*, 236 Conn. 96, 103 (1996).  Indeed, had the Court realized that the parties were diverse, it would have entered summary judgment for Stryker on both the Title VII and CFEPA claims when it issued its ruling in *Perugini* I.  Therefore, ordinarily, the Court's Title VII ruling would bar the identical CFEPA claim, either on the basis of collateral estoppel or *res judicata*, or both.  *See, e.g., Ayantola v. Bd. of Trustees*, No. 3:05cv957 (MRK), 2007 WL 3432748, at *2 (D. Conn. Nov. 15, 2007); *Jeffreys v. Teamsters Local Union No. 1150*, No. 3:03cv460 (MRK), 2004 WL 717172, at *3 (D. Conn. Mar. 25, 2004); *Tombardi v. Quinones*, No. 3:98cv1921 (AVC), 2000 WL 852431, at *9 (D. Conn. Mar. 31, 2000); *Walker v. Envirotest Sys., Inc.*, 77 F. Supp. 2d 294, 298-300 (D. Conn. 1999); *Negron v. Rexam Cosmetic Packaging, Inc.*, No. CV-044000333S, 2006 WL 240528, at *10-14 (Conn. Super. Ct. Jan. 11, 2006).

Mr. Perugini argues, however, that this Court should not dismiss his CFEPA claim because

it is based on alleged "newly discovered" evidence that was not brought to the Court's attention in connection with its ruling on the Title VII claim. The problem with this argument is that this so-called "newly discovered" evidence was known to Mr. Perugini and his lawyers well *before* the Court ruled on the motion for summary judgment directed to his title VII claim.[1] Yet, Mr. Perugini never brought the alleged newly discovered facts to the Court's attention – either before the Court's ruling in his brief on the motion for summary judgment, at oral argument on the motion, or in a motion for reconsideration following the Court's ruling. As the Connecticut Superior Court pointed out in *Negron* – which involved facts nearly identical to those before the Court – because plaintiff had a full and fair opportunity to raise the alleged new facts, and therefore had a full and fair opportunity to litigate his retaliation claim in federal court, he could not re-assert the identical claim under the CFEPA. *See Negron*, 2006 WL 240528, at *12-13.

Accordingly, Mr. Perugini may not pursue the same retaliation claim that was the subject of this Court's summary judgment ruling in *Perugini* I. The Court hastens to add that he can pursue his breach of contract and promissory estoppel claims. He can also litigate his Title VII and CFEPA refusal to hire claims. What he may not do is re-litigate the identical claim that he had a full and fair opportunity to litigate in *Perugini* I.

The Court thus GRANTS Defendants' Partial Motion to Dismiss [doc. # 27] and dismisses Count One of the Amended Complaint.

---

[1] The alleged newly discovered evidence are facts relating to Mr. Perugini's refusal to hire claim, which he asserts in Counts Four and Five of his Amended Complaint.

IT IS SO ORDERED,

/s/   Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **January 21, 2009**.